**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3813
_____

DAVID GOLDRICH,
                              Appellant

v.

CITY OF JERSEY CITY; STEVEN FULOP, In his individual and official capacities;
ROBERT J. KAKOLESKI, In his individual and official capacities;
JAMES SHEA, In his individual and official capacities;
PHILIP ZACCHE, In his individual and official capacities;
JOSEPH CONNORS, In his individual and official capacities
_____

No. 19-3840

DAVID GOLDRICH

v.

CITY OF JERSEY CITY;
STEVEN FULOP, In his individual and official capacities;
ROBERT J. KAKOLESKI, In his individual and official capacities;
JAMES SHEA, In his individual and official capacities;
PHILIP ZACCHE, In his individual and official capacities;
JOSEPH CONNORS, In his individual and official capacities

City of Jersey City; James Shea,
                              Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-15-cv-00885)
Honorable Susan D. Wigenton, U.S. District Judge

Submitted Under Third Circuit L.A.R. 34.1(a)
on November 17, 2020

Before: JORDAN, KRAUSE, and RESTREPO, *Circuit Judges*

(Opinion filed: November 25, 2020)

_____

OPINION*

_____

KRAUSE, *Circuit Judge*.

It is sometimes said that mutual dissatisfaction is the hallmark of a fair compromise.

If so, the District Court achieved it here: David Goldrich appeals the Court's order

requiring him to pay certain of Jersey City's expenses and attorneys' fees as a sanction for

his repeated refusals to provide discovery; and Jersey City cross-appeals the Court's denial

of certain other expenses in connection with its efforts to procure that sanction. Because

neither ruling constituted an abuse of discretion, we will affirm.

A.     **Discussion**[1]

We treat a district court's "decision to impose sanctions for discovery violations and

any determination as to what sanctions are appropriate a[s] matters generally entrusted to

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343 and
supplemental jurisdiction under 28 U.S.C. § 1367, and we have jurisdiction under 28
U.S.C. § 1291.

[its] discretion." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 538 (3d Cir. 2007) (citation omitted), *amended on reh'g* (Mar. 8, 2007). We therefore apply the deferential abuse-of-discretion standard of review and disturb such orders only if the ruling was based "on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* (citation omitted). In this case, there was no such error.

Goldrich contends that the District Court should have denied the City's expenses and fees request because the Court declined to give an adverse-inference instruction after "the subject spoliated evidence was not used at trial by either party." Appellant Br. 18 (emphasis omitted). But the District Court's order that Goldrich "pay [] reasonable expenses, including attorney's fees," Fed. R. Civ. P. 37(b)(2), was a sanction for his failure to "obey an order to provide or permit discovery," *id.*, regardless of any failure to "take reasonable steps to preserve [electronically stored information]," Fed. R. Civ. P. 37(e). Thus, there was no reason for the District Court to limit its sanctions order to "measures no greater than necessary to cure the prejudice" to the City "from loss of the information." *Id.*

In the alternative, Goldrich urges that a reduction of the award is required by Supreme Court precedent because the City's sanctions motion met with only some "degree of success." Appellant Br. 17 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). Specifically, he points out the District Court declined its requests for a finding that Goldrich committed fraud on the court or for the lawsuit to be dismissed. But, if anything, *Hensley* undercuts his argument: It specifies that "the fee award should not be reduced simply because the [movant] failed to prevail on every contention raised," *Hensley*, 461 U.S. at

3

435. Rather, "[t]he result is what matters," *id.*, and here, the City persuaded the District Court to impose sanctions on Goldrich—a positive result.

The City, for its part, argues that over and above the reimbursement ordered by the District Court of its forensic expert, its legal work related to the sanctions motion, and its legal work related to the sanctions hearing, it is also entitled to recover its "fees or costs relating to pre-motion letters, ESI Discovery, ESI depositions or post-hearing briefing." Appellee Br. 19. The Court reasonably concluded, however, that these additional expenses for work before and after the sanctions motion and concerning discovery generally were beyond the scope of the motion itself. And, unlike the City, we do not read the Court's post-trial order permitting "defense counsel [to] move to recover attorneys' fees and costs relating to ESI discovery, their computer forensic expert, and their motion for sanctions for Plaintiff's spoliation of evidence," A1812, as implicitly modifying and enlarging its original sanctions order that limited fees to the sanctions motion, *see* A7.

While we are not unsympathetic to the arguments of the City that the District Court certainly could have concluded, given the egregiousness of Goldrich's discovery violations, that greater sanctions were warranted, we cannot say, reviewing only for abuse of discretion, that the sanction on which it settled was based "on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Bowers*, 475 F.3d at 538.

## B. Conclusion

For the foregoing reasons, we will affirm the order of the District Court.

4